| | | |
|---|---|---|
| **LOVLAMMA GEORGE**<br>3 Keen Valley Drive<br>Catonsville, Maryland  21228 | * | |
| | * | |
| Plaintiff | * | IN THE |
| vs. | * | CIRCUIT COURT |
| **MICHAEL JOHN KELLOG**<br>42 Newport Dr.<br>Barnstead, New Hampshire 03225 | * | FOR BALTIIMORE CITY |
| | * | |
| **METROPOLITAN TRUCKING INC.**<br>625 East 107th Street<br>Bolingbrook, IL 60440 | * | |
| | * | |
| **LIBERTY MUTUAL FIRE INS. CO.**<br>P.O. Box 1052<br>Montgomeryville, PA 18936 | * | Case#: |
| | * | |
| **LIBERTY MUTUAL MID-ATLANTIC**<br>  **INSURANCE COMPANY**<br>175 Berkeley Street<br>Boston, MA 02117 | * | |
| | * | |
| **LIBERTY MUTUAL INSUANCE CO.**<br>175 Berkeley Street<br>Boston, MA 02117 | * | |
| | * | |
| Defendants | * | |

\* \* \* \* \*

## COMPLAINT AND REQUEST FOR JURY TRIAL

Now comes the Plaintiff, Lovlamma George, by her attorney, Frank E. Turney and

the Law Offices of Frank E. Turney, P.A., and respectfully institute this action against the Defendants, and for cause states:

## COUNT I

1. That on or about October 27, 2012, at approximately 6:52 p.m., the Plaintiff, Lovlamma George, was operating a vehicle owned by her husband, George Thomas, in a careful and prudent manner on Inter State Route 95 North near the Fort McHenry Tunnel in Baltimore City, Maryland.

2. That at the time and place aforesaid, the Defendant, Michael John Kellogg, was operating his vehicle in a careless, reckless and negligent fashion in that he failed to keep a proper lookout, failed to keep his vehicle under proper control, was operating his vehicle at a speed excessive under the circumstances then and there existing on the roadway, failed to keep a safe distance between his vehicle and other drivers, failed to stay a safe distance from the Plaintiff's vehicle, and was otherwise reckless, negligent and want of due care by causing his actions to result in the Plaintiff being involved in a motor vehicle accident with the Defendant, Michael John Kellogg, causing the Plaintiff to be violently injured.

3. That as a direct and proximate result of the negligence of Defendant Kellogg, aforesaid, Plaintiff, Lovlamma George, was in fact caused to be violently shaken, striking against objects thereof with great force and violence, and Plaintiff was in fact caused to sustain severe, painful and permanent injuries in and about her head, neck, back, ribs, chest, body and limbs; was in fact caused to suffer great physical pain and mental anguish as a result of said injuries; was in fact caused to undergo the pain, aggravation and

inconvenience of treatment for said injuries by hospitals, medical practitioners, and therapists; was in fact caused to incur great expense for said medical treatment; was in fact caused to lose time from gainful employment with result of loss of income; and has been, is now and will be in the future precluded from engaging in and attending to her normal activities, duties and pursuits, all to her loss and detriment.

4. That all said losses and damages suffered by the Plaintiff was in fact the direct and proximate result of the negligence of the Defendant, Michael John Kellogg, without any fault or negligence on her own part contributing thereunto, directly or indirectly.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter Judgment against the Defendant, Michael John Kellogg, in an amount in excess of seventy five thousand dollars ($75,000.00) and any other appropriate relief.

## COUNT II

5. Plaintiff realleges and incorporates herein all the allegations of fact set forth in paragraphs 1-4 of Count I hereof as set forth in full and in their entirety.

6. That at the time of the accident, Plaintiff, Lovlama George, was operating her husband's automobile which was insured under a policy of automobile insurance issued to her and her husband by the Defendants, Liberty Mutual Fire Insurance Company, Liberty Mutual Insurance Company, Liberty Mutual Mid-Atlantic Insurance Company (Hereinafter Defendants Liberty Mutual); and said policy provides for coverage for liability caused by an uninsured or underinsured motor vehicle. Said policy was in

effect at the time of the accident.

7. That at the place and time aforesaid, the Plaintiff was in fact caused to be involved in an accident with the Defendant, Michael John Kellogg.

8. That as a result of the impact between Plaintiff's vehicle and Defendant Kellogg's vehicle, Plaintiff was in fact caused to be injured.

9. Plaintiff avers that said collision was in fact caused by the careless, reckless and negligent conduct of the Defendant operator, Michael John Kellogg, in that he failed to keep his vehicle under proper control, failed to keep a proper lookout, was operating his vehicle at a speed excessive under the circumstances then and there existing, failed to keep a safe distance between his vehicle and the vehicle operated by the Plaintiff, and Defendant Kellogg was in other ways, careless, reckless and negligent by becoming involved in a collision with the Plaintiff.

10. That as a direct and proximate result of the negligence of the Defendant Kellogg, aforesaid, Plaintiff was in fact caused to be thrown in and about the vehicle, striking against the interior fittings and appliances thereof with great force and violence, and the Plaintiff was in fact caused to sustain serious, painful and possibly permanent injuries in and about her head, neck, body and limbs; was in fact caused to suffer great physical pain and mental anguish as a result of said injuries; was in fact caused to undergo the pain, aggravation and inconvenience of treatment for said medical injuries by hospitals, medical practitioners, and therapists; was in fact caused to incur great expense for said medical treatment; was in fact caused to lose time from gainful employment with result of loss of income; and Plaintiff was in other ways precluded from engaging in and

attending to their normal activities, duties and pursuits, all to their loss and detriment.

11. That as a direct and proximate result of the negligence of the Defendant Kellogg, the Plaintiff suffered damages which exceed the applicable insurance coverage of the Defendant, Michael John Kellogg.

12. That all said losses and damages suffered by the Plaintiffs were in fact the direct and proximate result of the negligence of Defendant, Michael John Kellogg, aforesaid, without any negligence or fault on the part of the Plaintiffs contributing thereunto, directly or indirectly.

13. That the Defendants Liberty Mutual, have agreed in the policy issued to Plaintiff and her husband as aforesaid, to provide insurance coverage for all losses and damages suffered by Plaintiff caused by uninsured or underinsured persons. That Plaintiff is a direct beneficiary of such coverage and/or third party beneficiary under that policy.

14. That the Defendants Liberty Mutual, have breached said Agreement, and have failed and refused to pay any coverage for the personal injuries suffered and sustained by the Plaintiff, Lovlamma George.

15. That Plaintiffs have performed each and every obligation imposed on them under said contract of insurance, and are entitled to the benefits provided in said contract of insurance.

16. The Defendants Liberty Mutual have breached said contract of insurance and have failed to provide coverage for the losses and damages suffered by the Plaintiff.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter

judgment against the Defendants, Liberty Mutual Fire Insurance Company, Liberty Mutual Insurance Company, Liberty Mutual Mid-Atlantic Insurance Company in an amount in excess of seventy five thousand dollars ($75,000.00) Dollars for the Plaintiff, plus Court costs, Attorneys fees, and such further relief as this Honorable Court may deem necessary, proper and just.

### COUNT III

17. Plaintiff realleges and incorporates herein all the allegations of fact set forth in paragraphs 1-16 of Count I and Count II hereof as set forth in full and in their entirety.

18. That at the time and place aforesaid, an unknown and unidentified vehicle driven by an unknown and unidentified operator, was operating his vehicle in a careless, reckless and negligent fashion in that he failed to keep a proper lookout, failed to keep his vehicle under proper control, was operating his vehicle at a speed excessive under the circumstances then and there existing on the roadway, failed to keep a safe distance between his vehicle and other drivers, failed to stay a safe distance from the Plaintiffs and Defendants Kellogg vehicle, and was otherwise reckless, negligent and want of due care by causing his actions to result in the Plaintiff being involved in a motor vehicle accident with the Defendant, Michael John Kellogg, causing the Plaintiff to be violently injured.

19. That as a direct and proximate result of the negligence of the unidentified and unknown Defendant, aforesaid, Plaintiff, Lovlamma George, was in fact caused to be violently shaken, striking against objects thereof with great force and violence, and Plaintiff was in fact caused to sustain severe, painful and permanent injuries in and about her

head, neck, back, ribs, chest, body and limbs; was in fact caused to suffer great physical pain and mental anguish as a result of said injuries; was in fact caused to undergo the pain, aggravation and inconvenience of treatment for said injuries by hospitals, medical practitioners, and therapists; was in fact caused to incur great expense for said medical treatment; was in fact caused to lose time from gainful employment with result of loss of income; and has been, is now and will be in the future precluded from engaging in and attending to her normal activities, duties and pursuits, all to her loss and detriment.

20. That all said losses and damages suffered by the Plaintiff were in fact the direct and proximate result of the negligence of the unknown and unidentified Defendant, without any fault or negligence on her own part contributing thereunto, directly or indirectly.

21. That at the time of the accident the Plaintiff was an insured and/or beneficiary under a policy of automobile insurance issued to her and her husband by the Defendant, Liberty Mutual; and said policy provides for coverage for liability caused by an uninsured or underinsured motor vehicle. Said policy was in effect at the time of the accident.

22. That at the place and time aforesaid, the Plaintiff was in fact caused to be involved in an accident with the Defendant, Michael John Kellogg.

23. That as a result of the impact between Plaintiff's vehicle and Defendant Kellogg's vehicle, Plaintiff was in fact caused to be injured.

24. Plaintiffs aver that said collision was in fact caused by the careless, reckless and negligent conduct of the Defendant operator, Michael John Kellogg, or in the alternative caused by the careless, reckless and negligent conduct of the unknown and

unidentified Defendant, in that one or both failed to keep their vehicles under proper control, failed to keep a proper lookout, was operating their vehicles at a speed excessive under the circumstances then and there existing, failed to keep a safe distance between their vehicles and the vehicle operated by the Plaintiff, and both Defendant operators were in other ways, careless, reckless and negligent by becoming involved in a collision with the Plaintiff.

25. That as a direct and proximate result of the negligence of the Defendant, Kellogg and/or the unknown and unidentified Defendant operator, aforesaid, Plaintiff was in fact caused to be thrown in and about the vehicle, striking against the interior fittings and appliances thereof with great force and violence, and the Plaintiff was in fact caused to sustain serious, painful and possibly permanent injuries in and about her head, neck, body and limbs; was in fact caused to suffer great physical pain and mental anguish as a result of said injuries; was in fact caused to undergo the pain, aggravation and inconvenience of treatment for said medical injuries by hospitals, medical practitioners, and therapists; was in fact caused to incur great expense for said medical treatment; was in fact caused to lose time from gainful employment with result of loss of income; and Plaintiff was in other ways precluded from engaging in and attending to her normal activities, duties and pursuits, all to their loss and detriment.

26. That as a direct and proximate result of the negligence of the Defendants, including the unknown and unidentified operator, the Plaintiff suffered damages.

27. That all said losses and damages suffered by the Plaintiff was in fact the direct and proximate result of the negligence of the unknown and unidentified operator,

aforesaid, without any negligence or fault on the part of the Plaintiffs contributing thereunto, directly or indirectly.

28. That the Defendant Liberty Mutual, has agreed in the policy issued to Plaintiff and her husband, as aforesaid, to provide insurance coverage for all losses and damages suffered by Plaintiff caused by uninsured or underinsured persons. That Plaintiff is a direct beneficiary of such coverage and/or third party beneficiary under that policy.

29. That the Defendant Liberty Mutual, has breached said Agreement, and has failed and refused to pay any coverage for the personal injuries suffered and sustained by the Plaintiff, Lovlamma George.

30. That Plaintiff has performed each and every obligation imposed on her under said contract of insurance, and is entitled to the benefits provided in said contract of insurance.

31. The Defendant Liberty Mutual has breached said contract of insurance and have failed to provide coverage for the losses and damages suffered by the Plaintiff.

WHEREFORE, Plaintiff respectfully request this Honorable Court to enter judgment against the Defendants, Liberty Mutual Fire Insurance Company, Liberty Mutual Insurance Company, Liberty Mutual Mid-Atlantic Insurance Company in an amount in excess of seventy five thousand dollars ($75,000.00) Dollars for the Plaintiff, plus Court costs, Attorneys fees, and such further relief as this Honorable Court may deem necessary, proper and just.

## COUNT IV

32. Plaintiff realleges and incorporates herein all the allegations of fact set forth in paragraphs 1-31 of Count I hereof as set forth in full and in their entirety.

33. That at the time of the accident, Defendant, Michael John Kellogg was operating a vehicle owned by Metropolitan Trucking, Incorporated.

34. That Defendant, Metropolitan Trucking Inc., had a duty to the Plaintiff to make sure any and all persons operating his automobile were properly licensed, current, proficient and qualified to drive as well as competent to safely operate a motor vehicle. Furthermore, Metropolitan Trucking Inc. had a duty to monitor, train and oversee its driver, defendant Michael John Kellogg.

35. That the Defendant, Metropolitan Trucking Inc., entrusted this vehicle to Defendant, Michael John Kellogg, negligently in that he was or should have been aware of an unreasonable risk by allowing Michael John Kellogg to operate the motor vehicle and/or failed to properly supervise and/or train and monitor its driver, Defendant Michael John Kellogg.

36. That the motor vehicle in question was a 2012 Freightliner Truck.

37. That as a direct and proximate result of the negligence of the Defendant Metropolitan Trucking Inc., aforesaid, Plaintiff was in fact caused to collide with the vehicle, striking with great force and violence, and was in fact caused to sustain serious, painful and possibly permanent injuries in and about her head, neck, body and limbs; was in fact caused to suffer great physical pain and mental anguish as a result of said injuries; was in

fact caused to undergo the pain, aggravation and inconvenience of treatment for said medical injuries by hospitals, medical practitioners, and therapists; was in fact caused to incur great expense for said medical treatment; was in fact caused to lose time from gainful employment with result of loss of income; and Plaintiff was in other ways precluded from engaging in and attending to her normal activities, duties and pursuits, all to her loss and detriment.

38. That as a direct and proximate result of the negligence of the Defendant Metropolitan Trucking, Inc., Plaintiff suffered damages through no fault of her own.

39. That all said losses and damages suffered by Lovlamma George, was in fact the direct and proximate result of the negligence of Defendant, Metropolitan Trucking, Inc., aforesaid, without any negligence or fault on the part of Lovlamm George contributing thereunto, directly or indirectly.

40. That the Plaintiff seeks damages for the negligent acts committed by Defendant Metropolitan Trucking, Inc.

WHEREFORE, Plaintiff respectfully request this Honorable Court to enter judgment against the Defendants, Michael John Kellogg and Metropolitan Trucking, Inc., jointly and severally, in the amount in excess of seventy five thousand dollars ($75,000.00), plus court costs, Attorney's fees, and such further relief as this Honorable Court may deem necessary, proper and just.

## COUNT V

41. Plaintiff realleges and incorporates herein all the allegations of fact set forth in

## PLAINTIFF'S REQUEST FOR JURY TRIAL

Now comes the Plaintiff, Lovlamma George, by her attorney, Frank E. Turney and Law Offices of Frank E. Turney, P.A., and respectfully request that the above captioned matter be tried with the aid of a jury.

Frank E. Turney